IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD NESS, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil Action No. DRM-25-2667 |
| | * | |
| YOUR JEAN MARCELIN, et al. | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION AND ORDER**

Defendants in this motor vehicle tort case move the Court to strike the Plaintiffs' Federal Rule of Civil Procedure 26(a)(2) expert disclosure, preclude the testimony of Plaintiffs' expert Dr. Evan Argintar, and bar the designation of any other expert witnesses. ECF No. 13 at 1. For the reasons which follow, the Court will DENY these requests for relief but will GRANT the Defendants' alternative request for "such other and further relief as the nature of their cause requires." *Id.* Specifically, the Court will order the Plaintiffs to produce a full and final expert disclosure for Dr. Argintar which conforms to all requirements of Rule 26(a)(2), and will modify the case schedule to permit Defendants adequate time thereafter to submit their own expert designations and conduct discovery regarding Dr. Argintar.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a motor vehicle accident that occurred on September 21, 2022, in which Plaintiffs Edward and Michelle Ness allege they sustained injuries. ECF No. 13-1 at 1. Defendants Your Jean Marcelin and Greyhound Lines, Inc. have stipulated to primary responsibility for the collision, leaving contributory negligence, causation, and damages as the remaining issues in dispute. *Id.*

1

On September 2, 2025, the Court issued a Scheduling Order setting October 14, 2025, as the deadline for Plaintiffs' Rule 26(a)(2) expert disclosures, and November 12, 2025, as Defendants' corresponding deadline. ECF No. 12. The parties accepted these deadlines in their August 29, 2025 Joint Status Report. ECF No. 11. Plaintiffs did not serve any expert disclosures by their October 14 deadline, nor did they do so before Defendants' November 12 disclosure date. Defendants consequently filed only a preliminary expert designation, stating they lacked the information necessary to identify experts due to Plaintiffs' outstanding discovery responses. ECF No. 13-1 at 2.

On November 13, 2025, Plaintiffs served their Rule 26(a)(2) expert disclosure, identifying orthopedic surgeon Dr. Evan Argintar and generally referencing Plaintiffs' treating providers. ECF No. 13-1 at 2. Defendants contend this disclosure was both untimely and deficient under Rule 26(a)(2)(B)-(C), asserting that Plaintiffs failed to provide a written expert report, the bases for any opinions, the facts or data considered, required exhibits, a curriculum vitae, a list of prior testimony, or a statement of compensation. ECF No. 13-1 at 4. Defendants also assert that Plaintiffs did not identify any treating physicians or summarize the facts and opinions to be offered. ECF No. 13-1 at 6. Defendants further note that Plaintiffs had not provided their written discovery responses, which were due October 17, 2025. ECF No. 13-1 at 6.

On December 8, 2025, Defendants moved to strike Plaintiffs' Rule 26(a)(2) disclosures under Rules 26 and 37, asserting prejudice due to Plaintiffs' late and incomplete disclosures and the proximity of the December 29, 2025 discovery deadline. *See generally* ECF No. 13.

Plaintiffs filed an opposition on December 23, 2025. *See generally* ECF No. 26. They acknowledge missing the expert deadline but describe the lapse as an "oversight, inadvertence or mistake," asserting that they served their disclosure immediately upon realizing the omission. ECF

2

No. 26 at 2. They further contend that outstanding medical records and ongoing treatment have delayed completion of Dr. Argintar's report, which they intend to supplement. *Id.* Plaintiffs also note that counsel for both sides had recently discussed case progress and agreed to jointly request an extension of the discovery and dispositive motion deadlines, and therefore argue that striking the disclosures is premature and unnecessary. *Id.*

On the same day Plaintiffs filed their opposition, the parties filed their joint motion to extend deadlines. ECF No. 22. The Court granted the motion, extending the discovery deadline to February 27, 2026, and the dispositive pretrial motions deadline to March 27, 2026. ECF No. 23.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) requires litigants to disclose "the identity of any witness [they] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26. Rule 26(a)(2)(B) further requires parties to produce a written report for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." A report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Rule 26(a)(2)(C) provides that a party calling a witness who will provide Fed. R. Evid. 702, 703, or 705 evidence but who is not required to produce a written report under Rule 26(a)(2)(B) must disclose: "(i) the subject matter on which the witness is expected to present

3

evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). A party who fails to disclose a witness as required by Rule 26(a) "is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In lieu of excluding the witness's testimony, the Court "may impose other appropriate sanctions . . ." *Id.*

### III. ANALYSIS

There is no dispute that Plaintiffs' disclosure of Dr. Argintar was untimely and because Plaintiffs did not provide the written expert report or the information required by Rule 26(a)(2)(B) when they eventually served the disclosure on November 13, 2025, the submission was plainly insufficient under Rule 26(a)(2). Plaintiffs' opposition likewise concedes that the deadline was missed due to "oversight, inadvertence or mistake," which does not constitute substantial justification. Accordingly, the relevant question is whether the failure was harmless within the meaning of Rule 37(c)(1).

In determining whether a party's failure to disclose was substantially justified or harmless so as to exclude a witness pursuant to Rule 37(c)(1), this Court has broad discretion and is guided by consideration of five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "Notably, a district court is 'not *required* to tick through each of the *Southern States* factors.'" *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Because

4

it "'is an extreme sanction'" to exclude expert testimony, "if the evidence is critical, [this sanction] is 'not normally . . . imposed absent a showing of willful deception or flagrant disregard of the court order by the proponent.'" *Hatami v. Hatami*, Civil Action No. WDQ-14-4004, 2015 WL 4509815, at *3 (D. Md. July 24, 2015) (quoting *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745 n.4 (E.D. Pa. 2007)).

Here, the first *Southern States* factor, surprise, clearly favors Defendants. Plaintiffs' disclosure was served one month after their deadline and only after Defendants' own expert deadline had already passed, despite no advance notice or request for an extension. The second factor—the ability to cure—cuts in both directions. Defendants explain that they were unable to designate a medical expert because they did not receive Plaintiffs' timely disclosures or written discovery responses. However, the parties subsequently moved jointly for an extension of the remaining deadlines, which the Court granted, and a further extension limited to expert discovery would adequately cure the prejudice. Courts in this District routinely rely on modest extensions of the schedule to mitigate the impact of untimely expert disclosures. *See, e.g.*, *Hawkins v. Barakat*, Civil Action No. ELH-20-1386, 2021 WL 1294111, at *4 (D. Md. Apr. 7, 2021); *Wiseman v. Walmart Stores, Inc.*, Civil Action No. SAG 16-4030, 2017 WL 2865013, at *3 (D. Md. July 5, 2017); *Jordan v. Iverson Mall Ltd. P'ship*, Civil Action No. RWT-14-0377, 2015 WL 4663619, at *2 (D. Md. Aug. 5, 2015); and *Mayor & City Council of Balt. v. Unisys Corp.*, Civil Action No. JKB-12-0614, 2013 WL 4784118, at *5 (D. Md. Sept. 5, 2013) (Gallagher, J.).

The third factor, disruption of trial, does not weigh heavily against Plaintiffs because no trial date has been set, and a limited extension of expert discovery will not meaningfully disrupt the proceedings. The fourth factor, the importance of the evidence, strongly favors Plaintiffs. Dr. Argintar appears to be Plaintiffs' primary medical expert on causation, permanency, and future

5

treatment, issues central to damages. Finally, the fifth factor, the explanation for the delay, favors Defendants, as Plaintiffs' explanation amounts only to oversight and ongoing efforts to obtain medical records, neither of which excuses noncompliance with the Scheduling Order.

Balancing these considerations, the Court concludes that although Plaintiffs' disclosure was untimely, incomplete, and unjustified, the drastic remedy of wholly precluding their expert testimony is unwarranted. The prejudice to Defendants can be cured by modifying the Scheduling Order and allowing a limited extension of expert discovery. The Court will therefore treat Plaintiffs' disclosure of Dr. Argintar as an untimely Rule 26(a)(2) disclosure that may be rendered harmless by modification of the case schedule.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosures (ECF No. 13) is DENIED as to the enumerated requests for relief but GRANTED with respect to the following order and modification to the case schedule:

| **Event** | **Deadline** |
|---|---|
| Plaintiffs are ORDERED to produce a full and final expert disclosure for Dr. Evan Argintar, conforming to all requirements of Rule 26(a)(2). | February 6, 2026 |
| Non-expert-related discovery deadline | February 27, 2026 |
| Defendant's Rule 26(a)(2) disclosures | March 6, 2026 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures | March 20, 2026 |

| | |
|---|---|
| Expert-related discovery deadline; submission of joint status report | April 17, 2026 |
| Dispositive pretrial motions deadline | May 16, 2026 |

Date:  <u>January 23, 2026</u>       <u>        /s/            </u>
                                     Douglas R. Miller
                                     United States Magistrate Judge